HAVENS *et al.* v. GERMANIA INSURANCE COMPANY *et al.*, *Appellants.*

### In Banc, November 17, 1896.

**Insurance:** MORTGAGED PROPERTY: JUDGMENT: PAYMENT: SUBROGATION. In an action on insurance policies the evidence disclosed that plaintiffs were mortgagees of the property which the mortgagor had promised to keep insured to the amount of the mortgage. The sum due plaintiffs on the mortgage at the time of the loss was $4,250, and the total insurance was $8,400 payable to plaintiffs as their interest might appear. The trial court found that the liability of the insurers on the policies was $3,695 for which sum judgment was entered for plaintiffs against the insurers; it was also adjudged that the mortgagor and codefendants claiming under him were not entitled to recover anything. From this judgment the mortgagor alone and those claiming under him appealed. The judgment for plaintiffs was paid by the insurers. On appeal the judgment was reversed and the cause remanded "with directions to the trial court to render a decree for aggregate amount of the policies," $8,400, and to disburse the proceeds as the rights of plaintiffs' mortgagor and those claiming under him might appear. *Held*, that inasmuch as the insurers had insured the property and not the debt, they were not entitled to be subrogated to plaintiffs' claim, and hence should be credited with $3,695, the sum paid, and not with $4,250, the amount due plaintiffs.

*Appeal from Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellants.

(1)   Sage had no interest whatever in any of the insurance until after Havens & Richardson were paid in full.   It was part of his contract with Havens & Richardson in purchasing the property that he should get it insured for the amount of the purchase money, which was $4,250, with interest at the rate of eight per cent per annum from November 4, 1884.   It is true that he effected the insurance and paid the premium, but it was done with the money of Havens & Richardson, because the premium necessary to effect the insurance was as much a part of the purchase price of the property as the $4,250 itself.   (2) Havens & Richardson recovered less than the amount of insurance they were entitled to, but they failed to appeal from the decision of the court and their judgment was paid off on the twenty-fifth day of June, 1887, consequently they were bound by that decision and were entitled to recover no more from the insurance companies although the case was reversed, and they have not claimed or been awarded any more, but the court below awarded to Sage and his assigns the additional sum to which Havens & Richardson would have been entitled, and which they could have recovered upon the reversal of the judgment had they appealed.   (3) The fact that Havens & Richardson were bound by the original decree, never having appealed therefrom and having received payment in full thereof, thereby precluding themselves from recovering anything more from the insurance companies, certainly did not give Mr. Sage

or his assignees any additional rights. The insurance companies are and were entitled to the benefit of their settlement with Havens & Richardson, and the full amount of the insurance, namely $4,250, with eight per cent interest thereon from the fourth day of November, 1884, to which Havens & Richardson were actually entitled, as appears from the decision of this court, is the amount which should have been deducted from the full amount of the policies, and only the balance then remaining should have been adjudged to Sage and his assignees. (4) The facts show that these insurance companies were held liable on the policies for twice the value of the property, as found by the court below and affirmed by this court, and all we ask is that they be not required to pay a part of the money to Sage, which belonged to Havens & Richardson, but which they were precluded from claiming and failed to claim because they failed to appeal from the original decree.

*Warner, Dean & Hagerman* and *James Hagerman* for respondents.

(1) The judgment of the lower court followed the mandate of the supreme court on the former appeal and, therefore, was right. (2) The premiums were paid by Sage, the equitable owner of the mill. The insurance was for his benefit; but, by the arrangement which he made with Havens & Richardson and the insurance companies, the companies were authorized and required to pay such sums due upon the policies as Havens & Richardson might be entitled to under their contract with Sage. If Sage had in some other way discharged his debt to Havens & Richardson, then all the sums due on the policies would have been payable to Sage. Havens & Richardson could waive

their right to payment of all or any part of their debt out of the insurance fund. If, as in the actual case at bar, the court in a case where all parties in interest were joined, adjudged Havens & Richardson less out of the insurance fund than the amount of their claim against Sage, and they accepted such sum without exception or protest, the insurance companies certainly are not aggrieved. By such action of the court the liabilities of the companies are not in any way enlarged, and, by complying with the decree, they are effectually protected from ever being called to further account either by Sage or Havens & Richardson. Sage, having contracted for the insurance and paid for it, is entitled to the full benefit of it. It was his insurance. The thing insured was the mill and property. He had the right to require the insurance companies to pay first to his creditors, Havens & Richardson, and then to himself. Havens & Richardson could not take the insurance money and hold the claim against Sage. So far as they got any part of the insurance money, that went toward the extinguishment of their claim against Sage. *Pendleton v. Elliott*, 67 Mich. 496; *State, etc., Ins. Co. v. Updegraf*, 21 Pa. St. 513; 24 Am. and Eng. Ency. Law, p. 215.

ROBINSON, J.—This is the second appeal of this case to this court. For the detailed facts that led up to, and resulted in, the institution of the original suit, and the final judgment therein, reference is made to the statement as given in the first opinion of this court in the case reported in the 123 Mo. 403.

Generally stated, the original suit was instituted by Havens & Richardson as plaintiffs on several policies of insurance effected by one Sage, on property purchased by him from plaintiffs, and upon which he had agreed to carry insurance to the amount of $4,250,

the unpaid purchase price of said property due plain·tiffs, evidenced by a deed of trust securing same. Plaintiffs' debt, secured by a deed of trust against the property destroyed, was $4,250. The insurance effected amounts to $8,400.   Loss, if any, was payable to plaintiffs as their interest might appear.   The property was entirely destroyed by fire on the night of the sixteenth of June, 1885, except a small amount, valued at $380, that a short time previously had been removed from the mill by defendant Sage.  McAdam and Harrington, who claimed some interest under Sage, were joined as defendants, with the insurance companies, and each files a separate answer claiming an interest in the proceeds of the policies.

At the first trial in the circuit court the insurance companies contended that the extent of their liability was the value of the property destroyed; that section 6009, Revised Statutes, 1879, did not apply.   The trial court, taking that view of the law, found the actual value of the property destroyed to be only $3,695, and, being less than the amount due from Sage to plaintiffs as evidenced by their notes secured by a deed of trust on the property destroyed, rendered its judgment for plaintiffs against the defendants, Sage, McAdam, and Harrington on their answer in the nature of an interplea and cross bill.   From that judgment the defendants Sage, McAdam, and Harrington alone prosecuted an appeal, contending that under section 6009 above named, the insurance companies were liable for the full amount of the policies.   Being written to insure real property, and the property being wholly destroyed, they were entitled to the difference between the total amount of insurance and the amount paid by the insurance company on the judgment in favor of plaintiffs as mortgagees.

This court, in an opinion delivered on the sixth day

of July, 1894, reported in the 123 Mo. 403, taking the view of the appellants therein, reversed and remanded the cause, with the following recital and direction to the trial court, appearing in the opinion:

"We think the circuit court erred in not applying section 6009, Revised Statutes, 1879, to the facts and in not holding that the aggregate of the policies conclusively fixed the value of the mill and machinery and the measure of damages, less the sum of $380, the amount of machinery not exposed to the fire. * * * As the circuit court found the insured had complied with all the conditions on their part and the only question being whether the statute applied, it would appear unnecessary to put the parties to the cost of another trial, hence judgment is reversed with directions to the circuit court to render a decree for the aggregate amount of said policies, less $380, with interest at six per cent thereon from the time of filing the cross bill by Sage and his assignees and distribute the fund as the rights of the plaintiffs and Sage, McAdams, and Harrington to the same shall appear."

After the cause was remanded to the circuit court, Warner, Dean & Hagerman (the former attorneys for the defendants Sage, McAdam, and Harrington) filed by permission of the court an intervening petition setting up that the interest of Sage, McAdam, and Harrington in the policies of insurance had been transferred to them; in reply to which, and as a supplemental answer, the insurance companies say that the plaintiffs Havens & Richardson were paid in full all sums coming to them on account of the policies sued on, by the payment to them of the whole amount of the judgment originally rendered in the circuit court in the cause, and that said plaintiffs never appealed from said judgment and are therefore not entitled to recover any further sum from the said insurance companies; and

that the other parties herein have no interest in the amount of said insurance due said Havens & Richardson, and are only entitled to recover now under the order of the supreme court directing judgment against them, the full amount of said insurance of $8,400, less the amount thereof originally due Havens & Richardson of $4,250 with eight per cent interest per annum thereon from the eighth day of November, 1884, up to the time of the rendition of the decree of the circuit court on the twenty-fifth of June, 1887, and less the sum of $380, the value of the property saved from destruction at the time of the fire, leaving the amount due by all the companies, to be paid according to the amounts of the respective policies, only $3,570.67 with interest thereon at six per cent per annum from June 25, 1887.

It was admitted that the insurance company had paid the judgment originally rendered by the circuit court in favor of Havens & Richardson, as set out in their reply and answer.

A form of decree to be entered was then presented to the court, and it was admitted that the proper order to be rendered therein was that rendered except as to the amount. That is the only question involved in this appeal; the intervenors, for themselves and for their codefendants Sage, McAdam, and Harrington, contending that the amount of the judgment should be ascertained by crediting the insurance companies only with the amount that they had actually paid. The insurance companies, who are prosecuting this appeal, on the other hand contending, as set out in their reply and answer, that they were entitled to credit for the amount of the claim of Havens & Richardson against Sage as of the date when they paid the judgment in favor of said plaintiffs.

. The circuit court, taking the view of the intervening respondents and their codefendants, rendered judg-

ment against the companies for the aggregate sum of $6,533.29, being the full amount of insurance named in the policies with accruing interest less the actual amount paid to Havens & Richardson on their judgment, and the further sum of $380 as a credit for the property saved from the fire, to be paid by each company in the proportion the sum named in its policy bears to the judgment in gross.

Just what is the controlling reason for the contention of appellants is not quite clear to the writer. They say that they are and were entitled to the benefit of their settlement with Havens & Richardson (the plaintiffs in the original proceedings) on account of their failure to appeal from the judgment rendered in their favor in the first instance; that instead of being only allowed the amount of $3,695 and interest (the amount of the judgment in favor of Havens & Richardson in the first suit) they should be allowed the full amount of $4,250 with interest from November 4, 1884, which Havens & Richardson were actually entitled to have received.

Conceding for the sake of the present appeal, as contended by appellants herein, that the judgment in favor of the plaintiffs in the original proceedings against the insurance companies stood unappealed from and unreversed by the judgment of this court on the first appeal (a contention however in the face of the positive language of this court in its decision therein rendered) what right does that give to the insurance companies to claim the benefit of the difference between what should have been paid to plaintiffs and what in fact they did pay in settlement of plaintiffs' judgment against the companies.

By no rule of law with which we are familiar did the payment by the defendant insurance companies of the judgment rendered in favor of plaintiffs Havens &

Richardson entitle them to be subrogated to the rights of Havens & Richardson's claim as mortgagees, against Sage as mortgagor, or to demand an assignment of said claim of plaintiffs against Sage in whole or to the extent of the amount of the payment to the plaintiffs on their judgment.

These policies did not insure the claim of Havens & Richardson against Sage, but insured the mill property only. The policies were upon the mill property, and were for the benefit of Sage, the equitable owner thereof, who paid all the premiums thereon to the company and only by reason of the agreement made by Sage with Havens & Richardson and the insurance companies were the companies authorized to pay to Havens & Richardson the sum that might at the time of the loss by fire be due from Sage to Havens & Richardson.

There was no fixed definite sum to be due and payable absolutely to Havens & Richardson by the insurance company for which they could ask an absolute credit against the full liability under the policies, whether paid to Havens & Richardson or not. Nor were the insurance companies entitled, by reason of any contract that has been disclosed in this record, or by operation of any provision of law statutory or otherwise with which we are familiar, to compromise or pay Havens & Richardson a less sum than was actually due to them from Sage at the date of the fire, and substitute that settlement and payment as and for the amount of the Sage indebtedness to Havens & Richardson in a settlement with Sage for his damages by reason of the loss by fire of the property which they contracted with him to insure against fire.

Had Sage discharged his indebtedness to Havens & Richardson in any way before the fire, then the full sum

due on all the policies would have been payable to him. Had Havens & Richardson waived their right to receive payment of all or any part of their debt out of the insurance fund, the whole or whatever part waived would have been payable to Sage, and could not be said to have been waived for the benefit of the insurance companies, but for the benefit of Sage. So if the trial court, at the first hearing of the cause before it, did adjudge Havens & Richardson less out of the insurance fund than the amount of their claim against Sage, under an erroneous view of the amount of the companies' liabilities on the different policies, and they accepted it without protest and took no appeal from the allowance, the insurance companies are not aggrieved, and that judgment, if final and unappealed from by plaintiffs, will be an adjudication in favor of the companies against any future action by Havens & Richardson for the difference between the sum they actually received by the adjudication, and the amount of Sage's indebtedness to them, which they could and would have received had the court not erred in ascertaining the amount of damages due under the policies. The companies can not be injured by the judgment then rendered if we take the position, as contended for by them, that the judgment was never appealed from.

To sustain appellants in their contention they must have had some interest in the insurance fund of $8,400 by subrogation or assignment. The companies did not by their policies insure the debt of Havens & Richardson, so that in paying it they could ask to be subrogated to the rights of Havens & Richardson as mortgagees of the mill property. Under the contract of insurance entered into between Sage and the companies, they simply agreed that in the event of a loss by fire of the mill property they would pay first to Havens & Richardson, as mortgagees of the mill property, the amount

found to be due to them from Sage, evidenced by the mortgage and notes, out of the insurance fund in their hands for disbursement.    The remainder, if any, was payable to Sage.

Can their violated agreement in not properly distributing in full the fund in the first instance, be said under any circumstances to inure to their benefit? The fund in their hands due on the loss was to be paid to the legal and equitable owners of the mill property in the order of the legal owner first as his interest might appear and the remainder, if any, to the holder of the equitable title who took out and paid for all the insurance in this case.    Now, if the companies, as agents or trustees for Sage, by compromise or coercion, legal or otherwise, paid out to the holders of the legal title less of the fund in their hands than they were entitled to under their contract with Sage in the matter of the apportionment and distribution of the fund, all left in their hands, as agents or trustees, would be payable to the principal in the contract and not to the agents or trustees negotiating or effectuating the compromise or settlement.    All profits made by an agent or trustee as such, go to the principal for whom they act and not to the agent or trustee.

The companies had no interest in the fund of $8,400, further than as distributees under the terms of the policies, and as agents for the insured they must, by the express terms of the policies, as by all rules of law as well as business governing agents, account to the principal with whom they have contracted for the undistributed funds remaining in their hands.    By the terms of the policies the companies were legally obligated to pay $8,400 for the ultimate benefit of Sage, and they are entitled to no credit in the obligations arising under the policies, except in so far as they can show actual

payment either to Sage or to some person to whom he authorized payment to be made. Judgment of the circuit court is affirmed.    All concur.